UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CIT BANK, N.A.,

        Plaintiff,

-against-

VASILEIOS PAGANOS, 1029 OCEAN
CORP., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as
nominee for MORTGAGEIT, INC., DUNN
BUILDERS CORP., ED HARRINGTON,
INC., CHASE BANK USA, N.A., CITIBANK
(SOUTH DAKOTA), N.A., NEW YORK
CITY DEPARTMENT OF FINANCE, NEW
YORK CITY ENVIRONMENTAL
CONTROL BOARD, and JOHN DOE being
fictitious and unknown to Plaintiff, intended to
be tenants, occupants, persons, or corporations
having or claiming an interest in or lien
encumbering the property described in the
Complaint or their heirs at law, distributes,
executors, administrators, trustees, guardians,
assignees, creditors, or successors,

        Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3987 (CBA) (VMS)

**AMON, United States District Judge:**

CIT Bank, N.A. ("CIT Bank"), formerly known as OneWest Bank, N.A., brings this action seeking to foreclose on a mortgage encumbering a property located at 1029 Oceanview Avenue in Brooklyn, New York (the "Property"). (D.E. # 1 ("Compl.").) After defendants failed to appear and defend the action, CIT Bank requested a certificate of default against all defendants, (D.E. # 20), which the Clerk of Court entered on December 16, 2014, (D.E. dated Dec. 16, 2014). CIT Bank then moved for a default judgment, (D.E. # 25 ("Mot. for Default J.")), and, on December 30, 2014, this Court referred its motion to the Honorable Vera M. Scanlon, United States Magistrate Judge, for a Report and Recommendation ("R&R"), (D.E. dated Dec. 30, 2014).

1

On September 25, 2015, Magistrate Judge Scanlon issued her R&R, recommending that CIT Bank's motion for default judgment be granted in part and denied in part. (D.E. # 36 ("R&R").) The R&R recommends that the Court (1) grant the motion for default judgment against all defendants except the New York City Department of Finance and John Doe; (2) dismiss the claims against John Doe; (3) order the foreclosure and sale of the Property and appoint a referee for the sale; and (4) grant CIT Bank's request for damages, costs, and fees in part and enter judgment against Vasileios Paganos for $727,236.64 plus interest. (Id. at 21–22.)

## DISCUSSION

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). No party has objected to the R&R, and the time for doing so has passed. Having reviewed the record for clear error, the Court now adopts the R&R in part with the following modifications regarding CIT Bank's requests for relief.

### I. Order of Foreclosure and Sale

"A plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." E. Sav. Bank, FSB v. Beach, No. 13-CV-341 (JS) (AKT), 2014 WL 923151, at *15 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted); see also United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). As the R&R notes, CIT Bank has produced copies of the Note and Mortgage, as well as proof that the Mortgage was assigned to CIT Bank. (R&R at 16.) Accordingly, the

2

Court concludes that CIT Bank is entitled to a judgment of foreclosure and sale. In light of the deficiencies discussed below and CIT Bank's failure to name a referee for the foreclosure and sale, however, the Court cannot order the judgment of foreclosure and sale at this time. In order to effectuate the foreclosure and sale, the Court directs CIT Bank to submit a revised proposed judgment of foreclosure and sale and a letter proposing three appropriate referees.

## II. Damages

When entering a default judgment, courts must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. USA, Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). In conducting this inquiry, courts may rely upon "detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record." Fustok v. ContiCommodity Serv., Inc., 873 F.2d 38, 40 (2d Cir. 1989). CIT Bank seeks the principal and interest due on the Note and Mortgage, "together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the property, and the costs, allowances, expenses of sale, and reasonable attorney's fees, all with interest." (Compl. ¶ 23.) The Court considers CIT Bank's entitlement to these items in turn.

### A. Amount Due on Note

CIT Bank seeks an award for unpaid principal, interest, pre-acceleration late charges, property inspections, broker price opinions, and escrow advances due on the Note. The R&R concludes, and the Court agrees, that recovery for these items is permitted under the Note and Mortgage if the borrower defaults. (R&R at 17.) Given that Paganos has defaulted on the Note, (Compl. ¶ 22), CIT Bank is entitled to recover these items.

The Court cannot award judgment on these items at this time, however, because CIT Bank has failed to adequately support the amounts requested. CIT Bank asserts that the following

3

amounts are due on the Note: $671,470.19 for unpaid principal on the Note; $19,693.10 for unpaid interest from January 2, 2014; $691.75 for pre-acceleration late charges; $209 for property inspections; $985 for a broker price opinion; and $22,557.21 for escrow advances. (D.E. # 25-13 ("Statement of Damages") at 2.) The only documents CIT Bank presents to support these amounts are the Note, which states that the original principal was $600,000, (D.E. # 25-10, Ex. A), and a modification agreement, which states that on April 29, 2010, the principal increased to $691,302.38 when the mortgage was modified, (D.E. # 25-10, Ex. D). CIT Bank provides no documentation or explanation supporting the affidavit's assertion that the unpaid principal at the time of default was $671,470.19. Although it stands to reason that Paganos made payments which decreased the principal between April 29, 2010, when the mortgage was modified, and November 1, 2012, when he defaulted, CIT Bank has provided no evidence or explanation to support the claimed outstanding principal. Similarly, CIT Bank provides no documentation to support its claims for interest, late charges, property inspection, broker price opinions, and escrow advances. The Court therefore denies CIT Bank's request for an award of the amount due on the Note.

### B. Fees and Costs

CIT Bank seeks additional damages of $2,368 as compensation for fees and costs. The R&R recommends that that CIT Bank be awarded $400 for the federal filing fee, $325 for title searches, $935 in process server costs, and $35 for the Notice of Pendency filing fee, but that the remaining costs be denied. (R&R at 21.) The Court agrees and concludes that CIT Bank is entitled to $1,713 in fees and costs.

### C. Attorney's Fees

Finally, CIT Bank seeks an award of $3,500 for attorney's fees. As the R&R recognizes, the terms of the Note and Mortgage entitle CIT Bank to attorney's fees incurred due to Paganos's

4

default. (R&R at 17.) As a general matter, in determining appropriate attorney's fees, the "starting point" for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). In order to calculate the presumptively reasonable fee, courts in this Circuit require parties requesting attorney's fees to submit "contemporaneous time records specifying relevant dates, time spent, and work done." General Nutrition Inv. Co. v. General Vitamin Centers, Inc., 817 F. Supp. 2d 66, 76 n.2 (E.D.N.Y. 2011) (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).

Here, counsel for CIT Bank charged a flat fee of $3,500 and therefore did not maintain contemporaneous records. (D.E. # 32, ¶ 7.) CIT Bank instead submits an "approximation of the legal work rendered on this file" in support of its request for fees. (Id.) Courts in this District have declined to award attorney's fees pursuant to a flat rate unless they are accompanied by supporting documentation sufficient to allow the court to "calculat[e] the presumptively reasonably fee via the lodestar method and compar[e] it to the flat fee amount." OneWest Bank, N.A. v. Cole, No. 14-CV-3078 (FB) (RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015). Although "not a model of compliance with the Second Circuit's guidance concerning contemporaneous billing," courts have concluded that affidavits describing the work performed, the time spent on each task, and the name of the individual who performed the task are sufficient to enable the Court to

determine the lodestar rate. See OneWest Bank, N.A. v. Denham, No. 14-CV-5529 (DRH) (AKT), 2015 WL 5562980, at *11 (Aug. 13), adopted by 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Cf. OneWest Bank, N.A. v. Hawkins, No. 14-CV-4656 (NGG) (CLP), 2015 WL 5706945, at *11 (Sept. 2), adopted by 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015) (denying fees because OneWest's "counsel seemingly failed to maintain contemporaneous records" and "the papers submitted do not indicate whether the person performing the work was a paralegal or an attorney, and if an attorney, what level of experience he or she possesses"); OneWest Bank, N.A. v. Shepherd, No. 13-CV-1104, 2015 WL 1957284 (TJM), at *1 (N.D.N.Y. Apr. 29, 2015) (denying fees because "[p]laintiff ha[d] not itemized the hours spent on various tasks, or the [] personnel performing the tasks").

The Court concludes that the affidavit submitted in this case is minimally sufficient to calculate the presumptively reasonable fees. According to CIT Bank, three attorneys billed a total of 4 hours to this case and the remaining 18.2 hours spent on this case were billed by law clerks or legal assistants. (See D.E. # 32-1.) CIT Bank states that the flat rate is based on an hourly rate of $175 for attorneys and $125 for paralegals. (D.E. # 25-11, ¶ 6.) Although the rate for attorneys is within the range found reasonable by other courts in this circuit, the requested hourly rate for the remaining hours is not reasonable. The prevailing rate for legal assistants ranges from $70 to $100. Given that CIT Bank has provided no information regarding the experience level of these assistants, the Court decreases the hourly rate for these hours to $70. Therefore, the Court calculates the time and rates as follows: 4 attorney hours x $175 = $700; 18.2 legal assistant hours x $70 = $1,274. The Court concludes that CIT Bank is entitled to $1,974 in attorney's fees.

## CONCLUSION

For these reasons, the Court (1) dismisses the claims against defendant John Doe; (2) grants CIT Bank's motion for a default judgment as to all defendants except for the Department of Finance; and (3) denies the judgment of foreclosure and sale and CIT Bank's request for damages without prejudice to renewal following CIT Bank's submission of additional documentation supporting the requested relief as discussed above.

CIT Bank may renew its requests for a judgment of foreclosure and sale and for damages by submitting the following within thirty (30) days of the date of this Order: (1) briefing and supporting documentation regarding the requested damages; (2) a revised proposed Judgment of Foreclosure and Sale consistent with this Order, which includes space for the Court to insert the amount of interest as appropriate on the date judgment is entered and the name of the referee; and (3) a letter informing the Court how CIT Bank intends to proceed with respect to the remaining defendant. Any defendant who wishes to oppose these submissions may do so within fifteen (15) days of the date that those submissions are filed.

SO ORDERED.

Dated: July 18, 2016
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge